**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ESTEPHANY LISET VILLACORTA ZAVALA** | **CIVIL ACTION NO. 25-1946** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **ICE FIELD OFFICE DIRECTOR, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Petitioner Estephany Liset Villacorta Zavala,[1] a detainee at Richwood Correctional

Center in the custody of the Department of Homeland Security ("DHS") and the Bureau of

Immigration and Customs Enforcement ("ICE") who proceeds pro se, petitions the Court for a

writ of habeas corpus under 28 U.S.C. § 2241.

## Background

Petitioner is a citizen of Peru.  [doc. # 1-2].  She was taken into immigration custody on

January 7, 2025.  [doc. # 1, p. 4].  Specifically, she "entered in the United States on January 7,

2025, at the U.S. southern border, where she was placed into expedited removal proceedings . . .

."  [doc. # 1-2, p. 7].  On June 10, 2025, an immigration judge ordered Petitioner removed from

the United States but granted her withholding of removal to Peru under the Convention Against

Torture.  *Id.* at 16, 18.  Petitioner did not appeal to the Board of Immigration Appeals.  [doc. # 1,

p. 4].

On September 8, 2025, an assistant field office director with ICE informed Petitioner that

"ERO will be seeking an alternative country for removal."  [doc. # 1-2, p. 11].

---

[1] Petitioner's "A-Number" is 249-140-681.

Petitioner filed the instant petition on December 1, 2025.  [doc. # 1, p. 8].  Channeling *Zadvydas v. Davis*, 533 U.S. 678 (2001), she claims that ICE is not likely to remove her in the near future.  *Id.* at 6.  She writes: "ICE has not scheduled removal or provided a timeline for release."  *Id.*  She similarly claims that her detention violates her right to due process.  *Id.* at 6-7.  She maintains that she has fully complied with "all detention protocols" and all "aspects of the immigration process."  [doc. # 1-2, p. 8].[2]  She adds, "As ICE is legally barred from removing her to Peru and there is no third country to which she may be deported, [her] continued detention is unnecessary and punitive."  *Id.*

Petitioner seeks immediate release from custody.  [doc. # 1, p. 7].

### Order

To resolve this matter:

**THE CLERK OF COURT IS DIRECTED** to serve a summons, a copy of the Petition, [doc. # 1], Exhibit, [doc. # 1-2], and a copy of this Memorandum Order by certified mail on the named Respondents **and** DHS/ICE through its Director, the United States Attorney General, and the United States Attorney for the Western District of Louisiana.

**IT IS ORDERED** that Respondents answer the Petition within **21 days** following the date of service.  Respondents shall include evidence indicating whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future and whether Petitioner's detention is otherwise lawful.  Respondents shall also include information regarding the length of time that Petitioner has been in custody, the date she entered the United States, her statutory

---

[2] Petitioner filed the instant proceeding pro se.  An attorney, however, wrote a letter on her behalf to ICE, which she attaches to her petition.  [doc. # 1-2, p. 7].  She appears to ask the Court to consider the attorney's letter her memorandum in support of her petition.  [doc. # 1, p. 6].

and/or regulatory classification both when she entered the United States and now, the statute under which she is presently detained, the date she was ordered removed, the date on which her removal order became final, and all documents relevant to any efforts made by officials to obtain travel documents for Petitioner and remove Petitioner.  Respondents shall also file a memorandum of law, briefing the issues and citing applicable law.

**IT IS FURTHER ORDERED** that Petitioner shall have **14 days** following the filing of Respondents' response to file a reply.

**IT IS FURTHER ORDERED** that as a condition of their acceptance by the Clerk of Court, all future filings by the parties shall include a certificate stating that copies of the filings have been mailed to all other parties.

When the record is complete, the Court will determine if any genuine disputes of material fact necessitate an evidentiary hearing.  If no hearing is necessary, the undersigned will issue a Report and Recommendation without further notice.

In Chambers, Monroe, Louisiana, this 8th day of January, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge

3